We will hear the next case, which is United States v. Ceja-Lopez. Good morning, Your Honor. My name is Jim Parker. Appearing on behalf of Mr. Salvador Ceja-Lopez, he is currently serving 57 months in the Bureau of Prisons as a result of the convictions from this particular case. For reasons unknown, the government indicted Mr. Ceja-Lopez with two counts of attempted entry after deportation and also found in aspect of the 1326 after deportation. Without having any kind of benefit of a plea agreement, Mr. Ceja-Lopez chose to plead guilty to the court to both counts of the count one, which is the attempted entry, and count two, which was the found in aspect of the entry portion. At the rule 11 proceedings, the magistrate judge questioned whether he can even be convicted of both attempted entry and found in aspect of 81326. Even the defense counsel at that point also commented he believed that the defendant was admitting to the same crimes, being charged basically twice for the same offense. Nevertheless, the court proceeded with the change of plea. And in advising Mr. Ceja-Lopez regarding the nature of the charge, there was some confusion in light of the comments made both by the defense attorney and by the court. The magistrate judge stated that in order for the government to establish the elements of the case for Mr. Ceja-Lopez to be guilty as to count one, which is the attempted entry, that the certain elements were not in dispute. There were actual foundations for that, that Mr. Ceja-Lopez entered the United States or attempted to enter the United States on May 30, 2002, and he had been previously deported or removed from the United States in April of the year 2000. The question, the confusion arises when it becomes the magistrate advises Mr. Ceja-Lopez instead of doing count one and count two individually, she advises Mr. Ceja-Lopez of both counts simultaneously. The government has to prove that you either attempted or found in. And that is the wrong, instead of using a conjunction, she used a disjunction. And that is the remedy that you want here. The remedy, I believe, should be that both convictions should be set aside because the Rule 11 proceedings were not complied with. Mr. Ceja-Lopez did not know the nature of the charges that, in order for the government to convict him on both the attempt and the actual entry, the government has to prove both he had attempted and that he was actually found in. So don't we, in order to, excuse me, uphold a Rule 11 colloquy, don't we merely have to find that Rule 11 was substantially complied with? I believe, because there were no objections to it, it has to be a plain air standard. The problem is one of the fundamental things that a defendant, to be substantially complied with the Rule 11 colloquy, is that the defendant should be advised of the charges, as stated in United States v. Pena, which is cited in the brief. And in this particular case, Mr. Ceja-Lopez was not advised of the nature of the charges because of the disjunction that was used as opposed to conjunction. Because he was being charged with both offenses, the government has to prove both aspects of the elements of the offense. But basically he was advised of the elements of both charges. Yes and no. I don't believe he was advised correctly is what the way the magistrate, with the background of the confusion about that it believes the same charge. There was a comment at the beginning that they believed it was the same charge that he was pleading guilty of the same charge. That throws confusion. What should he have been told that he wasn't told? I believe he should have been told because he was pleading to both attempted entry and the found in aspect of it. At the plea colloquy, regarding the elements, they should advise individually. This is what the government has to prove for you to be guilty of attempted. And this is what the government has to prove for you to be found guilty of count two. And third, there was actually a factual basis missing as to count two, as to found in. There was a Mr. Lopez was found. He thought he was in Yuma, but it turns out he was actually in the near border of San Luis, just east of the port of five and a half miles port of entry from east to same. We don't know if he was ever free from official restraint. So we believe there's a factual basis. There was no evidence regarding that issue. Our case law says that the free of official restraint factual predicate comes into play only if there's some evidence that he was involuntarily brought into the country. So I believe I disagree with your your honor on that aspect. I believe the it doesn't have to go to the involuntary issue of the knowing or knowing what it has to do. Was he under official constraint or was he being watched? He has to be under constant surveillance or something like this, either through sensors. Let me get back to the more basic issue. I don't know if you answer that. What is the standard of review here? You have to show some kind of prejudice. In other words, that, you know, it affected whether whether or not he would have entered the same plea. What is the standard of review here? The standard of review for the rule, the rule 11 would be de novo review. Far as because there was no objections raised at the time of the plea colloquy, the error would have to be on their plain air standard that his rights are substantially affected. It affects the integrity of the public. And in this particular case, Mr. Lopez just didn't know what he was really pleading guilty to. Well, suppose that we were to disagree with you on the rule 11 proceeding. Are you arguing in the alternative that one of the convictions has to be set aside? That is correct. And or vacated applying Palafox. The judge judgment should be set aside. At least one of the basically concede that. Yeah. Yes. The government does concede. So that's not really an issue anymore, is it? Pardon me, Your Honor. That's not really an issue anymore. No, that's not an issue. The remedy that Mr. Lopez is looking for for both convictions to be set aside so we can go back.  That is correct, Judge. Okay. Counsel, let me ask you this. Are you familiar with our case in Castellanos Garcia? Are you familiar with that case? Is that the ‑‑ I believe that's the case dealing with the ‑‑ That's our case that says that there is no requirement for an official restrain instruction unless there's some evidence that the entry was under constant surveillance or unless the issue was raised by the facts of the case, then it's a nonissue. That is correct. Okay. So in this particular, in your client's case, was there any issue of constant surveillance or anything that would raise a requirement for that element to be discussed? We were not ‑‑ that information was not disclosed to the defendant. That information would be in the possession of the government. We would have to ‑‑ But wait a minute. I mean, that's not even an element of the crime. That's really a defense, isn't it? So I don't think, you know, at the Rule 11 plea colloquy, I don't think the government has to dispel every possible defense. I don't believe that is actually ‑‑ I would disagree, Your Honor. I believe that is actually a part of the element of defense. In order to be found, then you have to be free from official restraint. That's why I was asking you about that case, because the case says otherwise. I read that opinion, Your Honor. However, in this particular case, the facts are distinguishable. There are foot tracks found in the desert just east of, about five and a half miles east of San Luis border. We do not know if he was under surveillance. We cannot raise the issue of whether he was under surveillance or if it's official restraint unless we get that information from the government to the effect that we went over there because we ‑‑ or her sensors, or it was a random stop. I would assume before there is a plea that there would have been some examination of the government's evidence. Your Honor, I wasn't the counsel at the time, so I don't know. All right. Thank you. We'll give you a minute for rebuttal. Thank you. Thank you. We're here for the government. You agree to go introduce yourself. Good morning. I'm Joe Kohler, and I represent the United States in this case. I was counsel of record in the case below. I was not personally present at the change of plea, however. Someone else was covering that day for me. Yes, the government does concede the Palafox issue. One of the two counts ‑‑ And if you had been there, you would have said you can't do that. Of course. One of the two counts should be remanded for the judgment to be stayed on that particular count. In this case, the magistrate judge's colloquy was not ideal. There's no question about that. But it is not an error rising to the level of plain error in this case because it does not seriously affect the integrity, the public reputation, or the fairness of the proceedings that took place below. The magistrate judge read each of the two counts to the defendant individually and, in reading those two counts, thus informed the defendant of the elements of those counts and then went back and explained that the government would have to prove the following things. And, yes, the magistrate judge did say that you attempted to enter or were found in the United States, but that was after the magistrate judge had already explained that he was pleading guilty to two different counts and explained the elements of those two counts separately before doing that. During the course of the plea colloquy, the magistrate judge established through the defendant the elements of both offenses. That is, that the defendant was an alien, that he was deported from the United States, that in the attempt count that he had made a substantial step toward the commission of the offense, and that was the fact that he crossed the border. What about the issue Mr. Park raises about and that he was free of official restraint? I will get to that in a moment, talking about the found in. He committed a substantial step, and that's the Leo Smaldonado decision of this Court, that the act of crossing the borders is a substantial step toward the completion of the offense. The defendant showed that he had the specific intent to enter without permission a number of different ways. Number one, he crossed through the desert, not through a port of entry. Number two, he did not apply for consent prior to coming across. And number three, he lied about his identity when he was arrested. He said that he was someone else. All of those things show that he had the specific intent to enter without permission, and his admission that he did not apply for express consent also shows that he did not obtain it. As far as being found in the United States, the evidence in the case showed that agents found footprints in the desert near the border, and they followed them to the defendant. This Court's decisions in Castellanos Garcia, which you mentioned, Judge Rawlinson, as well as this Court's decision in Hernandez Herrera, both show that agents following footprints does not constitute official restraint. It's not continuous surveillance, and therefore the defendant is not under official restraint and the government need not come forward with any further evidence to disprove it. The defendant under Castellanos Garcia had the burden of coming forward to prove some other evidence that would demonstrate the existence of official restraint. But at the Rule 11, his argument is that the Rule 11 proceeding, that should have been discussed as an element absent some indication that it was not at issue. I would respectfully disagree with that argument, Your Honor, and that is because the defendant is represented by counsel and counsel is presumed to have explained the offense to the defendant. That's under the Supreme Court case of Henderson v. Morgan, which is 426 U.S. 637 at page 647, the elements of the offense to the defendant. They are given discovery in these cases prior to entering a guilty plea, and the defendant had the opportunity to review the evidence and review the charge with his lawyer before coming in. If there was an issue of official restraint, that could have been covered. But there is no issue, and unless somebody alerts the court to the issue, it's not proper for the court to go on a fishing expedition with counsel in every case. Mr. Kohler, speaking of the Supreme Court, you know the Supreme Court granted cert on a Ninth Circuit case involving the proper standard for error under Rule 11, right? Well, they decided the proper standard in the Vaughn decision two years ago. No. Case pending now called Benitez. You're not familiar with it? I'm not familiar with the Benitez case, but I do know the court decided the Vaughn decision two years ago, and that is a decided decision by the Supreme Court that said that when there is no objection in the trial court, the standard to review is plain error, and that's set forth in my brief. All right. Is there any further questions? No. All right. Thank you, counsel. Thank you. Unless the court has any questions, Your Honor, I really don't have any. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is United States v. Munoz-Peralta.
judges: Schroeder, Tashima Rawlinson